UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RENATA C. JONES,** | * CIVIL ACTION NO. 14-1176 |
|  | * |
| Plaintiff, | * SECTION "__" (__) |
|  | * |
| **VERSUS** | * JUDGE _____ |
|  | * |
| **NEW ORLEANS AREA HABITAT FOR HUMANITY** | * MAGISTRATE JUDGE _____ |
|  | * |
| Defendant. | * Jury Requested. |
| ****************************************** | * |

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Renata C. Jones, who files this complaint to obtain full and complete relief and to redress the unlawful employment practices suffered by her as described herein:

**1.**

This action for employment discrimination seeks declaratory, injunctive and equitable relief, back pay, reinstatement (or in lieu thereof, front pay), compensatory damages, punitive damages, attorney's fees, prejudgment interest, and costs for discrimination, harassment, and hostile work environment based on disability, in New Orleans Area Habitat for Humanity's treatment of Renata Jones.

### JURISDICTION AND VENUE

**2.**

This action is brought pursuant to The Americans with Disabilities Act of 1990, as amended, and the ADA Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.* and The Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the actions arise under the laws of the United States. Declaratory,

injunctive and equitable relief is sought pursuant to 4 42 U.S.C. 2000e-5(g) (through 42 U.S.C. § 12117(a)).

**3.**

This action properly lies in the Eastern District of Louisiana because all acts and actions have occurred in the State of Louisiana, Parish of Orleans, which encompass the jurisdiction and venue of the Eastern District of Louisiana.

## PARTIES

**4.**

Plaintiff, Renata C. Jones is of the age of majority and a resident of the State of Louisiana who was formerly employed by New Orleans Area Habitat for Humanity. Ms. Jones was an "employee" of New Orleans Area Habitat for Humanity within the meaning of 42 U.S.C. § 12111(4).

**5.**

Defendant in this matter is New Orleans Area Habitat for Humanity, a corporation created under the laws of the State of Louisiana, registered and in good standing with the Louisiana Secretary of State and doing business within the State of Louisiana, domiciled in the City of New Orleans, State of Louisiana.

## FACTS

### EMPLOYMENT WITH NEW ORLEANS AREA HABITAT FOR HUMANITY

**6.**

Ms. Jones started her employment at New Orleans Area Habitat for Humanity as a front office worker assigned by Brooke Staffing during the final months of 2011 through March 2012.

**7.**

In the early months of 2012, Family Services Manager Anna Karnas approached Ms. Jones about working for her, and on or about March 15, 2012, Ms. Jones was transferred to be a Family Services Case Manager working as a direct employee for New Orleans Area Habitat for Humanity and reporting to Karnas.

**8.**

On or about April 19, 2013, Ms. Jones employment with New Orleans Area Habitat for Humanity was involuntarily terminated.

**SPECIFIC ACTIONS AND FACTS**

**9.**

On or about March 20, 2013, Ms. Jones informed her immediate supervisor, Karnas, that she had been diagnosed with cancer and may need to miss some work because of the illness and treatment.

**10.**

Shortly thereafter, Karnas attacked Ms. Jones' work performance, suggesting such was of poor quality, and counseling Ms. Jones regarding her attitude.

**11.**

Karnas also set new unofficial rules for Ms. Jones, such as all communications had to be done through email.

**12.**

At one point, Ms. Jones requested from Karnas permission to move to another area of the workplace to work the remainder of her work day because of the fumes in her work area resulting from the spraying of termites.

**13.**

Despite the fumes making Ms. Jones ill and possibly harming her already troubled immune system, Karnas refused this single-day reasonable accommodation and instead told Ms. Jones she either worked at her desk or she could go home for the day.

**14.**

Ms. Jones had never been treated poorly by, disciplined or counseled prior to her notifying Karnas that she had cancer.

**15.**

Karnas had never expressed, discussed or hinted at any of the alleged issues of Ms. Jones performance and behavior until shortly after Ms. Jones disclosed she had cancer and would need some time off at some point for treatments.

**16.**

After Ms. Jones notified New Orleans Area Habitat for Humanity of her disability (cancer), Executive Director Jim Pate and CFO/Acting HR Manager Lisa Faris had a meeting with Ms. Jones.

**17.**

During this meeting, Ms. Jones requested to go part-time during her treatment period because of the sickness associated with treatments (essentially, to be able to seek her treatment on Thursday afternoons and take Fridays off to recover from the radiation treatment)—she didn't want the embarrassment of throwing up in the office anymore and having her co-workers have to help her or see her being sick at her desk.

**18.**

Despite explaining this, Pate and Faris refused to allow Ms. Jones to work part-time, and informed Ms. Jones she either worked full-time or she would be out of a job.

**19.**

Faris told Ms. Jones she shouldn't be doing radiation but rather should be doing chemotherapy, she should eat healthier, and she should use the oncologists at East Jefferson Hospital rather than hers because hers seemed to have her on the wrong path.

**20.**

Without this or any reasonable accommodation, Ms. Jones worked through her lunch breaks and extra throughout the week so that she could casually leave early on Friday afternoon to seek radiation treatment, not an ideal situation since her recovery would then occur over the weekends (a time when her doctors may not readily be available in the event of complications) and limit her time to recover to only two full days of rest.

**21.**

Ms. Jones was terminated within 29 days of informing New Orleans Area Habitat for Humanity that she had cancer and that she may need some assistance in her work schedule because of the illness and to seek treatment.

## CAUSES OF ACTION

**22.**

Ms. Jones alleges that New Orleans Area Habitat for Humanity, through its absence of any training or its substandard training or its direct actions by high-ranking executives under the Americans with Disabilities Act and the ADA Amendments Act unlawfully interfered with,

harassed, discriminated, refused to provide a reasonable accommodation, treated differently an individual with a disability or a perceived disability in violation of the Americans with Disabilities Act and ADA Amendments Act and terminated Ms. Jones because of her disability, justifying an award of all available damages under the law, including those punitive in nature.

**23.**

Ms. Jones further alleges that New Orleans Area Habitat for Humanity, through its termination of her employment and ignoring of her request to discuss her needed leave from work because of her illness and treatment violated the Family and Medical Leave Act.

**24.**

Ms. Jones alleges that New Orleans Area Habitat for Humanity has violated her rights under the following federal laws:

- The Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.*; and,
- The Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*

**25.**

Ms. Jones also alleges and seeks redress against New Orleans Area Habitat for Humanity for its actions under State and/or federal law, that have caused pain and suffering, emotional distress (both intentional and negligent), mental anguish, loss of reputation, embarrassment, loss of consortium, and humiliation.

**26.**

Ms. Jones further alleges her rights and privileges established under any other applicable or related law, equity, and fairness.

### EXHAUSTION OF ADMINISTRATIVE PROCEDURES

**27.**

Ms. Jones timely filed a Charge of Discrimination, Charge Number 461-2013-02017, with the United States Equal Employment Opportunity Commission, and duly participated in the EEOC's investigation process.

**28.**

The EEOC issued "Notice of Rights" on February 24, 2014.  *See* EEOC Notice of Rights, attached as Exhibit 1 to this Complaint.

**29.**

Ms. Jones now timely brings this Complaint in accordance with her rights and within the time limits provided under the Americans with Disabilities Act of 1990 and the ADA Amendments Act of 2008.

### JURY DEMAND

**30.**

Ms. Jones requests and demands a trial by jury as authorized under the Federal Rules of Civil Procedure, Rule 38(b).

### PRAYER

**31.**

WHEREFORE, Plaintiff, Renata C. Jones prays that this Court:

a. Declare that the acts and practices of New Orleans Area Habitat for Humanity complained of herein are in violation of United States law;

b. Enjoin and permanently restrain New Orleans Area Habitat for Humanity from engaging in such unlawful practices;

    c.    Award Ms. Jones all earnings and benefits she did not receive because of the actions of New Orleans Area Habitat for Humanity including but not limited to back pay, pre-judgment interest, and any other lost benefits;

    d.    Reinstate Ms. Jones to the position she would have occupied but for the unlawful treatment she was subjected, or in lieu thereof, award Ms. Jones front pay;

    e.    Award Ms. Jones damages and/or compensatory damages for pain and suffering, emotional distress, mental anguish, loss of reputation, embarrassment, loss of consortium, and humiliation;

    f.    Award Ms. Jones punitive damages;

    g.    Award Ms. Jones costs and attorney's fees;

    h.    Grant Ms. Jones any such relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Bryce G. Murray*

Bryce G. Murray, T.A., La. Bar No. 28968
**BRYCE G. MURRAY, ATTORNEY-NOTARY, LLC**
4708 Trenton Street
Metairie, Louisiana 70006
(504) 383-3246
bryce@brycemurray.com

**ATTORNEY FOR PLAINTIFF
RENATA C. JONES**

**SERVICE TO BE MADE UPON:**

**New Orleans Area Habitat for Humanity
through its Registered Agent:
Andrew Lee**
201 St. Charles Avenue, Suite 4900
New Orleans, Louisiana 70170